UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| ERIC D. WERRE, | Case No. 2:24-cv-01673-GMN-DJA |
|---|---|
| Plaintiff | SCREENING ORDER ON THIRD AMENDED COMPLAINT (ECF No. 9) |
| v. | |
| MARTINEZ, et al., | |
| Defendants | |

On September 26, 2025, the Court issued an Order screening Plaintiff Eric D. Werre's Second Amended Complaint under 28 U.S.C. § 1915A. (ECF No. 8.) The Court dismissed the Second Amended Complaint, granted leave to amend, and warned Plaintiff that this action would be subject to dismissal if he failed to file a Third Amended Complaint ("TAC") curing the deficiencies outlined in the Screening Order. (*Id.* 9–10.) Plaintiff has filed a TAC (ECF No. 9), which the Court now screens under 28 U.S.C. § 1915A.

I.  **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the

allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then

determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF TAC

This case is based on alleged events that occurred at Southern Desert Correctional Center in July 2023, after Plaintiff was diagnosed with COVID-19. In the original Complaint, Plaintiff brought a single Eighth Amendment claim based on the allegation that he received one shower over a ten-day period, after day four. (ECF No. 4 at 2–4.) The Court dismissed the Complaint with leave to amend, explaining that the alleged deprivation was not sufficiently serious to rise to the level of an Eighth Amendment violation. (ECF No. 3 at 6–7.) The Court also warned Plaintiff that failure to cure the deficiencies of the Complaint would subject this entire action to dismissal. (*Id.* at 7.)

In the First Amended Complaint, Plaintiff made the same deficient allegations regarding the shower deprivation, and he added Eighth Amendment claims based on the denial of cleaning supplies and proper medical treatment.[1] (ECF No. 5 at 2–4.) The Court dismissed the First Amended Complaint and again granted leave to amend. (ECF No. 6.) As to cleaning supplies, the Court advised Plaintiff that he would need to "provide significantly more detail about what cleaning supplies he needed, when he requested cleaning supplies, how any of the Defendants were responsible for the lack of cleaning

---

[1] The First Amended Complaint also included a due process claim, but because Plaintiff did not explain or provide any supporting facts for this claim, the Court dismissed it without prejudice. (ECF No. 6 at 4.)

supplies, and what harm he suffered as a result of the lack of cleaning supplies." (*Id.* at 7.)  And as to medical treatment, the Court noted that Plaintiff had not alleged any facts about his symptoms or any Defendant's personal involvement in his treatment, so Plaintiff would need to "allege specific facts to support that he had a serious medical need, that the Defendants knew about his serious medical need, that the Defendants had the authority to take some action in response to his medical need and failed to do so, and that he suffered some harm as a result." (*Id.* at 8.)  The Court also repeated its warning that failure to cure the deficiencies identified in the Screening Order would subject this entire action to dismissal. (*Id.* at 9–10.)

In the Second Amended Complaint, Plaintiff brought the same Eighth Amendment claims as in the First Amended Complaint, and the only meaningful addition to the allegations was that Plaintiff had been diagnosed with asthma at the time of his COVID-19 diagnosis. (ECF No. 7 at 2–4.)  The Court dismissed the Second Amended Complaint and granted leave to amend a third time, noting that Plaintiff still had not alleged any facts about his symptoms, and he had not alleged that any Defendant interfered with or denied a request for medical treatment. (ECF No. 8 at 8.)  The Court specifically advised Plaintiff that, to state a colorable claim for deliberate indifference to serious medical needs, he must allege facts "to support that he had a serious medical need, that one or more Defendants knew about his serious medical need, that the Defendants were deliberately indifferent to his serious medical need, and that he suffered some harm as a result." (*Id.*)  And as in the two prior Screening Orders, the Court warned Plaintiff that failure to cure the deficiencies identified by the Court would subject this entire action to dismissal. (*Id.* at 9–10.)

The TAC that is currently before the Court (ECF No. 9) does not cure the deficiencies pointed out in the prior Screening Order.  Plaintiff repeats his allegations that, after testing positive for COVID-19 with asthma, he received one shower over a ten-day period (after day four) and was denied cleaning supplies. (*Id.* at 3.)  Plaintiff also alleges that he submitted several requests to Sgt. Martinez asking for shower access, cleaning

supplies, and transfer to a COVID-19 unit for daily health monitoring, but Martinez denied these requests. (*Id.* at 3–4.)  Plaintiff now adds that Martinez's denials were retaliatory. (*Id.* at 2–3.)  And Plaintiff alleges, for the first time, that he suffered from certain symptoms after contracting COVID-19, including severe weakness, fatigue, lightheadedness, brain fog, high blood pressure, difficulty breathing, a high fever, and swollen eyes. (*Id.* at 2–3.)  He also alleges for the first time that he did not receive any medication to address these symptoms. (*Id.* at 3.)  Based on these allegations, Plaintiff brings Eighth Amendment claims for inadequate conditions of confinement and deliberate indifference to serious medical needs, as well as a First Amendment retaliation claim. (*Id.* at 3–4.)

As an initial matter, Plaintiff's newly added retaliation claim is unsupported by any facts.  To state a viable First Amendment retaliation claim, a plaintiff must allege facts to establish that a defendant took an adverse action against the plaintiff because of that plaintiff's protected conduct. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).  In the TAC, Plaintiff speculates that Sgt. Martinez's handling of his requests must have been retaliatory because there could be no other explanation for denying them. (*See* ECF No. 9 at 4.)  But "mere speculation that defendants acted out of retaliation is not sufficient." *See Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014).  So Plaintiff fails to state a colorable retaliation claim.

As to the Eighth Amendment claims, prisoners have an Eighth Amendment right to adequate sanitation, as a "lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995).  But in the TAC, just as in prior Complaints, Plaintiff does not allege facts to plausibly show that the denial of a shower for up to six days or the failure to provide cleaning supplies rose to the level of an Eighth Amendment violation, even if those conditions were unpleasant or uncomfortable.  So Plaintiff again fails to state a colorable claim based on these allegations.

Prisoners also have an Eighth Amendment right to be free from deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994).  To

establish a violation of this right, "a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012).  The subjective standard requires a plaintiff to show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  In the TAC, Plaintiff alleges for the first time that he experienced symptoms after contracting COVID-19, but he still fails to allege facts to establish that a Defendant knew about or was deliberately indifferent to his symptoms.  The Court has also reviewed the exhibits attached to the TAC, which includes both an emergency grievance Plaintiff filed while testing positive for COVID-19 and grievances that Plaintiff filed in the ensuing months, and nowhere in these exhibits does Plaintiff mention any COVID-19 symptoms or other medical needs. (*See* ECF No. 9 at 7–22.)  Plaintiff did use the grievance process to request a shower (*see id.*), but as repeatedly explained to Plaintiff in this case, his alleged shower deprivation does not rise to the level of an Eighth Amendment violation.  So as with the other Eighth Amendment claims, Plaintiff again fails to state a colorable claim for deliberate indifference to serious medical needs.

With the TAC, Plaintiff has now shown that he is unable to file a viable complaint on four separate occasions, as the Court has already advised Plaintiff of the relevant standards for his claims and granted leave to amend three times.  And the Court warned Plaintiff what would happen if the TAC was not viable—this entire action would be subject to dismissal. (*See* ECF No. 8 at 9–10.)  The Court therefore dismisses the TAC without prejudice, without leave to amend. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court, which may deny leave to amend due to ' . . . repeated failure to cure deficiencies by amendments previously allowed . . . .'")); *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (quoting *Thinket Ink Info. Res., Inc. v. Sun*

*Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004) ("[D]enying leave [to amend] is not an abuse of discretion if 'it is clear that granting leave to amend would have been futile.'")).

### III.  CONCLUSION

It is therefore Ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is **granted**.  Plaintiff is not required to pay an initial installment fee, but the full $350 filing fee will still be paid in installments under 28 U.S.C. § 1915, even though this action is dismissed and is otherwise unsuccessful.

It is further Ordered that, under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of **ERIC D. WERRE, #1233467** to the Clerk of the United States District Court, District of Nevada, at a rate of 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  The Clerk of Court is kindly requested to send a copy of this Order to the Finance Division of the Clerk's Office and to the **Chief of Inmate Services for the Nevada Department of Corrections** at formapauperis@doc.nv.gov.

It is further Ordered that the TAC (ECF No. 9) is dismissed without prejudice for failure to state a claim.

The Clerk of Court is further requested to enter judgment accordingly and close this case.  If Plaintiff wishes to pursue his claims, he must file a complaint in a <u>new</u> case, under a <u>new</u> case number.

It is further Ordered that any appeal from this Order would not be taken "in good faith" under 28 U.S.C. § 1915(a), so the Court will not grant Plaintiff *in forma pauperis* status on any appeal.

DATED: December 15, 2025

_____
Gloria M. Navarro, Judge
United States District Court